PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHADWICK STANLEY CHESQUIERE, | ) |
| | ) CASE NO. 4:20CV564 |
| Petitioner, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Respondent. | ) **ORDER** |
| | ) |

*Pro se* Petitioner Chadwick Chesquiere is a federal inmate currently incarcerated at FCI Elkton. He has filed a Petition for a Writ of *Habeas Corpus* Under 28 U.S.C. § 2241. ECF No. 1. For the reasons stated below, the petition is denied and this action is dismissed.

### I. Background

Petitioner pleaded guilty in 2017 to two counts of an indictment: (1) use of interstate commerce facilities in the commission of murder-for-hire; and (2) use of a communication facility in committing or causing or facilitating the commission of an act constituting a felony in the Eastern District of Virginia. *See United States v. Chadwick Stanley Ghesquiere*, No. 2: 16-cr-128-HCM-DEM (E. D. Va. Jan. 23, 2017).[1] The district court sentenced him to 180 months' imprisonment.

---

[1] The docket from the criminal proceedings reflect that Petitioner's last name was "Ghesquiere." The habeas petition before the Court appears to bear the last name "Chesquiere," starting with a "C" instead of a "G." *See* ECF No. 1.

(4:20CV564)

Petitioner contends he was subjected to "unconstitutional sentencing enhancements," ECF No. 1 at PageID #: 6, and he seeks removal of "all sentencing enhancements and a corresponding sentence reduction." *Id.* at PageID #: 8. He contends recent Supreme Court decisions have removed an "originally applied" crime of violence designation, but he does not cite to any such Supreme Court decision or decisions. *Id.* at PageID #: 7.

## II. Standard of Review

Federal district courts must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)).

## III. Discussion

A federal prisoner seeking to challenge his sentence generally must do so by filing a motion to vacate, set aside, or correct his sentence in the sentencing court under 28 U.S.C. § 2255, not in the district of his detention under § 2241. *See Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019) ("The best judge to fix a sentence is a judge intimately familiar with the defendant, the case, and the local practices. Not a judge who has never touched the case before."). A § 2241 petition in the district where a federal prisoner is incarcerated is generally only used when a federal prisoner seeks to challenge actions taken by prison officials in the district of his detention that affect the way his sentence is being carried out, such as the computation of sentence credits. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

(4:20CV564)

Under highly exceptional circumstances, a prisoner may challenge his sentence under § 2241, instead of under § 2255, if he is able to establish that his remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A prisoner may invoke the savings clause of § 2255(e) by asserting a claim that he is "actually innocent" of an offense by showing that, after his conviction became final, the United States Supreme Court issued a retroactively-applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). A prisoner may raise a sentence-enhancement claim under § 2241 in very limited circumstances, which the court defined as:

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed. 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Additionally, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving[s] clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright*, 939 F.3d at 705.

The petition on its face does not demonstrate these exceptional circumstances. Petitioner was not sentenced under the mandatory guideline regime pre-*United States v. Booker*, and his petition does not demonstrate that a "retroactive change in statutory interpretation by the Supreme Court" applies to invalidate his sentence. *See Hill*, 836 F.3d at 599-600. He has also

3

(4:20CV564)

failed to show that he is foreclosed from filing a petition in the sentencing court under § 2255 or had no reasonably opportunity to bring his claims for relief earlier. Accordingly, the petition does not provide a viable basis for Petitioner to pursue relief under § 2241.

### IV. Conclusion

For the reasons explained above, the petition is denied and this action is summarily dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus Cases*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| June 30, 2020 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |